1   DOUGLAS E. LUMISH (Bar No. 183863)
    dlumish@kasowitz.com
2   JEFFREY G. HOMRIG (Bar No. 215890)
    jhomrig@kasowitz.com
3   JOSEPH H. LEE (Bar No. 248046)
    jlee@kasowitz.com
4   JOSEPH B. SHEAR (Bar No. 262222)
    jshear@kasowitz.com
5   LINFONG TZENG (Bar No. 281798)
    ltzeng@kasowitz.com
6   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    333 Twin Dolphin Drive, Suite 200
7   Redwood Shores, CA 94065
    Telephone (650) 453-5170
8   Facsimile (650) 453-5171

9   JONATHAN K. WALDROP (*pro hac vice*)
    jwaldrop@kaoswitz.com
10  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    1349 West Peachtree Street, N.W., Suite 1500
11  Atlanta, GA 30309
    Telephone (404) 260-6080
12  Facsimile (404) 260-6081

13  Attorneys for Defendant and Counterclaimant
    GOOGLE INC.
14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                   OAKLAND DIVISION

18

19  MASTEROBJECTS, INC.,                    CASE NO. CV 11-01054 PJH

20                                          **DEFENDANT GOOGLE INC.'S ANSWER
            Plaintiff and                   TO PLAINTIFF'S THIRD AMENDED
21          Counter-defendant               COMPLAINT FOR PATENT
                                            INFRINGEMENT AND
22      v.                                  COUNTERCLAIMS**

23  GOOGLE INC.,                            **JURY TRIAL DEMANDED**

24          Defendant and
            Counterclaimant.
25

26

27      Defendant Google Inc. ("Google") answers the Third Amended Complaint of Plaintiff

28  MasterObjects, Inc. ("MasterObjects" or "Plaintiff") as follows:

**PARTIES**

1.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.     Google admits that Google Inc. is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

**JURISDICTION AND VENUE**

3.     Google admits that this action purports to invoke the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims. Google admits that venue is proper in this District. Google denies any remaining allegations of paragraph 3.

4.     Google admits that this District has personal jurisdiction over Google. Google denies that it has committed any acts of infringement. Google denies any remaining allegations of paragraph 4.

**INTRADISTRICT ASSIGNMENT**

5.     Google admits the allegations of paragraph 5.

I.     **STATEMENT OF FACTS**

A.     **The Plaintiff MasterObjects and its Instant Search Technology**

6.     Google denies the allegations in paragraph 6.

7.     Google denies the allegations in paragraph 7.

8.     Google denies that Mark Smit, Stefan van den Oord, or MasterObjects "invented a novel approach" or that the claims of its patents-in-suit are novel or non-obvious. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 which purport to describe the thoughts of Mr. Smit, and therefore denies them.

9.     Google admits that, on its face, U.S. Patent No. 8,112,529 ("the '529 Patent") is entitled "System and Method for Asynchronous Client Server Session Communication," was filed on August 20, 2001, and purportedly issued on February 7, 2012. Except as expressly admitted, denied.

10.     Google admits that, on its face, U.S. Patent No. 7,752,326 ("the '326 Patent") is

1  entitled "System and Method for Utilizing Asynchronous Client Server Communication Objects"

2  and purportedly issued on July 6, 2010. Except as expressly admitted, denied.

3      11.   Google admits that text in the Abstract section of the '326 Patent has been correctly

4  recited in paragraph 11. Except as expressly admitted, denied.

5      12.   Google admits that, on its face, U.S. Patent No. 8,060,639 ("the '639 Patent") is

6  entitled "System and Method for Utilizing Asynchronous Client Server Communications

7  Objects" and purportedly issued on November 15, 2011, and purports to be a continuation of the

8  '326 Patent. Except as expressly admitted, denied.

9      13.   Google is without knowledge or information sufficient to form a belief as to the

10  truth of the allegations of paragraph 13, and therefore denies them.

11      **B.    The Allegedly Infringing Google Products**

12      14.   Google denies the allegations in paragraph 14.

13  **Google Instant**

14      15.   Google admits that Google released Google "Instant" to the public in the United

15  States on September 8, 2010. Except as expressly admitted, denied.

16      16.   Google admits that the web page, About Google Instant – Inside Search,

17  http://www.google.com/instant/about.html, includes the following statements: "Google Instant is

18  a new search enhancement that shows results as you type" and "Until now, you had to type a full

19  search term, hit return, and hope for the right results." Except as expressly admitted, denied.

20      17.   Google admits that the text recited in paragraph 17 can presently be found at the

21  website address identified in paragraph 17. Except as expressly admitted, denied.

22      18.   Google admits that, in some instances, Google Instant provides search results to

23  users in response to user input. Except as expressly admitted, denied.

24      19.   Google admits that the web page found at http://news.cnet.com/8301-30684_3-

25  20015729-265.html presently includes the following text "9:47 a.m.: Now Mayer's getting closer,

26  pointing out the two doodles that launched over the week. 'Today's announcement is a

27  fundamental shift in search,' Mayer said, before moving into more background about how people

28  have discovered information over the centuries. Marissa reminds us that in 1935, there was no

1  Internet, and you had to go to a place called a 'library' to search for information. Never heard of

2  it." Except as expressly admitted, denied.

3  **Google Suggest**

4      20.    Google denies the allegations in paragraph 20.

5      21.    Google admits that the text recited in paragraph 21 was previously found at the

6  website address identified in paragraph 21. Except as expressly admitted, denied.

7      22.    Google objects to the allegations of paragraph 22 as vague, ambiguous, prolix, and

8  for failing to set forth a short and plain statement of the claim. Accordingly, Google denies the

9  allegations of paragraph 22.

10 **Google Client Access Points for Search**

11     23.    Google admits that it makes and distributes the Chrome web browser, the Google

12 Toolbar web browser applications for Internet Explorer, the Chrome operating system, the

13 Android operating system, and Google Search applications for the iOS and Windows Phone

14 platforms. Google further admits that it used to make and distribute the Google Toolbar web

15 browser application for Firefox. Except as expressly admitted, denied.

16 **Quick Search Box for Google Android**

17     24.    Google admits that Quick Search Box for Google Android was first released to the

18 public in October 2009. Except as expressly admitted, denied.

19     25.    Google admits that the text recited in paragraph 25 can presently be found at the

20 website address identified in paragraph 25. Except as expressly admitted, denied.

21 **COUNT I**

22 **PATENT INFRINGEMENT**

23 **(The '326 Patent)**

24     26.    Google admits that what appears to be a copy of the '326 Patent is attached as an

25 exhibit to Plaintiff's Complaint and that, on its face, the '326 Patent is entitled "System and

26 Method for Utilizing Asynchronous Client Server Communication Objects" and purportedly

27 issued on July 6, 2010. Google denies that the '326 patent was duly and legally issued. Except as

28 expressly admitted, denied.

27. Google admits that Mr. Smit is named as an "inventor[]" on the face of the '326 patent. Google denies that that Mr. Smit, Mr. van den Oord, or MasterObjects invented anything claimed in the '326 patent that is novel or non-obvious. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. Google denies the allegations in paragraph 28.

29. Google admits that Exhibit B appears to be a letter from Martin Fliesler addressed to Kent Walker and Marissa Mayer and dated June 27, 2008. Google admits that Exhibit C appears to be an email addressed to Eric Schmidt from William Hassebrock and dated September 2008. Except as expressly admitted, denied.

30. Google denies the allegations in paragraph 30.

31. Google denies the allegations in paragraph 31.

32. Google denies the allegations in paragraph 32.

## COUNT II

## PATENT INFRINGEMENT

### (The '639 Patent)

33. Google admits that what appears to be a copy of the '639 Patent is attached as an exhibit to Plaintiff's Complaint and that, on its face, the '639 Patent is entitled "System and Method for Utilizing Asynchronous Client Server Communications Objects" and purportedly issued on November 15, 2011. Google denies that the '639 patent was duly and legally issued. Except as expressly admitted, denied.

34. Google admits that Mr. Smit and Mr. van den Oord are named as "inventors" on the face of the '639 patent. Google denies that that Mr. Smit, Mr. van den Oord, or MasterObjects invented anything claimed in the '639 patent that is novel or non-obvious. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

35. Google denies the allegations in paragraph 35.

36. Google admits that Exhibit E appears to be an email from William Nelson

1    addressed to Terrance McMahon and Vera Elson and dated August 29, 2011. Except as expressly

2    admitted, denied.

3         37.    Google denies the allegations in paragraph 37.

4         38.    Google denies the allegations in paragraph 38.

5                              **COUNT III**

6                        **PATENT INFRINGEMENT**

7                          **(The '529 Patent)**

8         39.    Google admits that what appears to be a copy of the '529 Patent is attached as an

9    exhibit to Plaintiff's Complaint and that, on its face, the '529 Patent is entitled "System and

10   Method for Asynchronous Client Server Session Communication" and purportedly issued on

11   February 7, 2012. Google denies that the '529 patent was duly and legally issued. Except as

12   expressly admitted, denied.

13        40.    Google admits that Mr. Smit and Mr. van den Oord are named as "inventors" on

14   the face of the '529 patent. Google denies that that Mr. Smit, Mr. van den Oord, or MasterObjects

15   invented anything claimed in the '529 patent that is novel or non-obvious. Google is without

16   knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph

17   40, and therefore denies them.

18        41.    Google denies the allegations in paragraph 41.

19        42.    Google admits that the letter attached as Exhibit G appears to be a letter from

20   Spencer Hosie addressed to Terrance McMahon and Vera Elson and dated December 2, 2011.

21   Except as expressly admitted, denied.

22        43.    Google denies the allegations in paragraph 43.

23        44.    Google denies the allegations in paragraph 44.

24             **GOOGLE'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

25        These paragraphs set forth the statement of relief requested by Plaintiff to which no

26   response is required. Google denies that Plaintiff is entitled to any of the requested relief and

27   denies any allegations thereto. Google further denies that any conduct on its part subjects Google

28   to liability for damages, or attorneys' fees under 35 U.S.C. § 285.

## **GOOGLE'S RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond. To the extent that any allegations are included in the demand, Google denies these allegations.

## **DEFENSES**

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Google alleges and asserts the following defenses based on Plaintiff's stipulated withdrawal of allegations that Google infringes under 35 U.S.C. §§ 271 (b) or (c). In addition to the defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional defenses that become known through the course of discovery or which Google is entitled to assert later in time.

## **First Defense to COUNT I ('326 Patent)**

### **Failure to State a Claim Upon Which Relief May Be Granted**

1.     With respect to each purported claim for relief alleged in the Complaint, MasterObjects fails to state a claim against Google upon which relief may be granted.

## **Second Defense to COUNT I ('326 Patent)**

### **No Patent Infringement**

2.     Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '326 Patent.

## **Third Defense to COUNT I ('326 Patent)**

### **No Patent Infringement Under the Reverse Doctrine of Equivalents**

3.     Google does not infringe and has not infringed (not directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '326 Patent, under the reverse doctrine of equivalents.

**Fourth Defense to COUNT I ('326 Patent)**

**Patent Invalidity**

4.     The claims of the '326 Patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; is directed to abstract ideas or other non-statutory subject matter; has improper inventorship; and/or has been double patented.

**Fifth Defense to COUNT I ('326 Patent)**

**Patent Unenforceability**

5.     The claims of the '326 Patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel, prosecution history estoppel and/or prosecution history disclaimer.

**Sixth Defense to COUNT I ('326 Patent)**

**Unclean Hands**

6.     The claims of the '326 Patent are unenforceable, in whole or in part, due to unclean hands.

**Seventh Defense to COUNT I ('326 Patent)**

**Limitations on Patent Damages**

7.     MasterObjects' claim for damages, if any, against Google for alleged infringement of the '326 Patent are limited by 35 U.S.C. §§ 154, 286, 287 and/or 288, and/or 28 U.S.C. § 1498.

**Eighth Defense to COUNT I ('326 Patent)**

**Inventorship**

**8.**     The claims of the '326 Patent are invalid for failing to name all proper inventors of the '326 Patent pursuant to 35 U.S.C. § 102(f) or any other statute.

1

**Ninth Defense to COUNT I ('326 Patent)**

2

**Use By The United States**

3        9.        To the extent that the alleged invention has been used or manufactured by or for the

4    United States, the claims for relief are barred by 28 U.S.C. § 1498.

5

**Tenth Defense to COUNT I ('326 Patent)**

6

**Patent Marking**

7        10.      Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to

8    those damages occurring only after the notice of infringement.

9

**Eleventh Defense to COUNT I ('326 Patent)**

10

**Dedication to the Public**

11        11.      Plaintiff has dedicated to the public any method, system, and/or product disclosed

12    in the '326 patent but not literally claimed therein and is therefore estopped from claiming

13    infringement by any such public domain method, system, and/or product.

14

**Twelfth Defense to COUNT I ('326 Patent)**

15

**No Standing**

16        12.      Plaintiff does not have standing to bring an action for infringement of the '326

17    patent under the United States patent laws.

18

**First Defense to COUNT II ('639 Patent)**

19

**Failure to State a Claim Upon Which Relief May Be Granted**

20        13.      With respect to each purported claim for relief alleged in the Complaint,

21    MasterObjects fails to state a claim against Google upon which relief may be granted.

22

**Second Defense to COUNT II ('639 Patent)**

23

**No Patent Infringement**

24        14.      Google does not infringe and has not infringed (not directly, contributorily, or by

25    inducement), either literally or under the doctrine of equivalents, and is not liable for infringement

26    of any valid and enforceable claim of the '639 Patent.

27

28

**Third Defense to COUNT II ('639 Patent)**

**No Patent Infringement Under the Reverse Doctrine of Equivalents**

15.    Google does not infringe and has not infringed (not directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '639 Patent, under the reverse doctrine of equivalents.

**Fourth Defense to COUNT II ('639 Patent)**

**Patent Invalidity**

16.    The claims of the '639 Patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; is directed to abstract ideas or other non-statutory subject matter; has improper inventorship; and/or has been double patented.

**Fifth Defense to COUNT II ('639 Patent)**

**Patent Unenforceability**

17.    The claims of the '639 Patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel, prosecution history estoppel and/or prosecution history disclaimer.

**Sixth Defense to COUNT II ('639 Patent)**

**Unclean Hands**

18.    The claims of the '639 Patent are unenforceable, in whole or in part, due to unclean hands.

**Seventh Defense to COUNT II ('639 Patent)**

**Limitations on Patent Damages**

19.    MasterObjects' claim for damages, if any, against Google for alleged infringement of the '639 Patent are limited by 35 U.S.C. §§ 154, 286, 287 and/or 288, and/or 28 U.S.C. § 1498.

**Eighth Defense to COUNT II ('639 Patent)**

**Inventorship**

20.     The claims of the '639 Patent are invalid for failing to name all proper inventors of the '639 Patent pursuant to 35 U.S.C. § 102(f) or any other statute.

**Ninth Defense to COUNT II ('639 Patent)**

**Use By The United States**

21.     To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

**Tenth Defense to COUNT II ('639 Patent)**

**Patent Marking**

22.     Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Eleventh Defense to COUNT II ('639 Patent)**

**Dedication to the Public**

23.     Plaintiff has dedicated to the public any method, system, and/or product disclosed in the '639 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

**Twelfth Defense to COUNT II ('639 Patent)**

**No Standing**

24.     Plaintiff does not have standing to bring an action for infringement of the '639 patent under the United States patent laws.

**First Defense to COUNT III ('529 Patent)**

**Failure to State a Claim Upon Which Relief May Be Granted**

25.     With respect to each purported claim for relief alleged in the Complaint, MasterObjects fails to state a claim against Google upon which relief may be granted.

**Second Defense to COUNT III ('529 Patent)**

**No Patent Infringement**

26.     Google does not infringe and has not infringed (not directly, contributorily, or by

inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '529 Patent.

### Third Defense to COUNT III ('529 Patent)

#### No Patent Infringement Under the Reverse Doctrine of Equivalents

27.     Google does not infringe and has not infringed (not directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '529 Patent, under the reverse doctrine of equivalents.

### Fourth Defense to COUNT III ('529 Patent)

#### Patent Invalidity

28.     The claims of the '529 Patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b) because, *inter alia*, the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; is not adequately supported by the written description of the patented invention; is not adequately enabled; is indefinite; is directed to abstract ideas or other non-statutory subject matter; has improper inventorship; and/or has been double patented.

### Fifth Defense to COUNT III ('529 Patent)

#### Patent Unenforceability

29.     The claims of the '529 Patent are unenforceable, in whole or in part, by the doctrines of laches, prosecution laches, waiver, and/or estoppel, including equitable estoppel, prosecution history estoppel and/or prosecution history disclaimer.

### Sixth Defense to COUNT III ('529 Patent)

#### Unclean Hands

30.     The claims of the '529 Patent are unenforceable, in whole or in part, due to unclean hands.

### Seventh Defense to COUNT III ('529 Patent)

#### Limitations on Patent Damages

31.     MasterObjects' claim for damages, if any, against Google for alleged infringement

1    of the '529 Patent are limited by 35 U.S.C. §§ 154, 286, 287 and/or 288, and/or 28 U.S.C. § 1498.

2    **Eighth Defense to COUNT III ('529 Patent)**

3    **Inventorship**

4    32.    The claims of the '529 Patent are invalid for failing to name all proper inventors of

5    the '529 Patent pursuant to 35 U.S.C. § 102(f) or any other statute.

6    **Ninth Defense to COUNT III ('529 Patent)**

7    **Use By The United States**

8    33.    To the extent that the alleged invention has been used or manufactured by or for the

9    United States, the claims for relief are barred by 28 U.S.C. § 1498.

10   **Tenth Defense to COUNT III ('529 Patent)**

11   **Patent Marking**

12   34.    Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to

13   those damages occurring only after the notice of infringement.

14   **Eleventh Defense to COUNT III ('529 Patent)**

15   **Dedication to the Public**

16   35.    Plaintiff has dedicated to the public any method, system, and/or product disclosed

17   in the '529 patent but not literally claimed therein and is therefore estopped from claiming

18   infringement by any such public domain method, system, and/or product.

19   **Twelfth Defense to COUNT III ('529 Patent)**

20   **No Standing**

21   36.    Plaintiff does not have standing to bring an action for infringement of the '529

22   patent under the United States patent laws.

23   **COUNTERCLAIMS**

24   Without admitting any of the allegations of the Complaint other than those expressly

25   admitted herein, and without prejudice to Google's right to plead additional counterclaims as the

26   facts of the matter warrant, Google hereby asserts the following counterclaims against

27   MasterObjects, Inc. and respectfully states as follows:

28

### Nature of the Action

1.     This is an action by Defendant and Counter-Claimant Google pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 7,752,326 ("the '326 Patent"), 8,060,639 ("the '639 Patent"), and 8,112,529 ("the '529 Patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

### The Parties

2.     Google is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3.     Upon information and belief, MasterObjects, Inc. ("MasterObjects") is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business in Maarssen, Netherlands.

### Jurisdiction And Venue

4.     This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and venue for these Counterclaims is proper in this district.

5.     By filing its Complaint, MasterObjects has consented to the personal jurisdiction of this Court.

### COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,752,326

6.     Google restates and incorporates by reference its allegations in paragraphs 1-5 of its Counterclaims.

7.     An actual case or controversy exists between Google and MasterObjects as to whether the '326 Patent is infringed by Google.

8.     A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '326 Patent.

9.     Google has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '326 Patent.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,752,326

10.     Google restates and incorporates by reference its allegations in paragraphs 1-5 of its Counterclaims.

11.     An actual case or controversy exists between Google and Plaintiff as to whether the '326 Patent is invalid.

12.     A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '326 Patent.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Google requests a declaration from the Court that the claims of the '326 Patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 135(b).

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,060,639

14.     Google restates and incorporates by reference its allegations in paragraphs 1-5 of its Counterclaims.

15.     An actual case or controversy exists between Google and MasterObjects as to whether the '639 Patent is infringed by Google.

16.     A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '639 Patent.

17.     Google has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '639 Patent.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,060,639

18.     Google restates and incorporates by reference its allegations in paragraphs 1-5 of its

Counterclaims.

19.    An actual case or controversy exists between Google and Plaintiff as to whether the '639 Patent is invalid.

20.    A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '639 Patent.

21.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Google requests a declaration from the Court that the claims of the '639 Patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 135(b).

## COUNT FIVE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,112,529

22.    Google restates and incorporates by reference its allegations in paragraphs 1-5 of its Counterclaims.

23.    An actual case or controversy exists between Google and MasterObjects as to whether the '529 Patent is infringed by Google.

24.    A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '529 Patent.

25.    Google has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '529 Patent.

## COUNT SIX

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,112,529

26.    Google restates and incorporates by reference its allegations in paragraphs 1-5 of its Counterclaims.

27.    An actual case or controversy exists between Google and Plaintiff as to whether the '529 Patent is invalid.

28.    A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '529 Patent.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Google requests a declaration from the Court that the claims of the '529 Patent are invalid for failure to meet the "conditions of patentability" or otherwise to comply with the requirements set forth in U.S. Patent Laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 135(b).

**EXCEPTIONAL CASE**

30.     This is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

**RESERVATION OF ADDITIONAL COUNTERCLAIMS**

31.     As discovery in this case has not yet been completed, and as Google continues to investigate the allegations set forth in the Complaint, Google specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon discovery in this case. As such, Google hereby reserves the right to amend its Answer and to assert additional affirmative and counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

a.     A judgment dismissing MasterObjects' Complaint against Google with prejudice, with MasterObjects taking nothing;

b.     A judgment in favor of Google on all of its Counterclaims;

c.     An Order barring any claim for damages pursuant to MasterObjects' Complaint against Google under the provisions of 35 U.S.C. § 287 and one or more of Google's affirmative defenses;

d.     A declaration that Google has not and does not infringe, contribute to the infringement of, or induce others to infringe, either directly or indirectly, any valid and enforceable claim of the '326 Patent, the '639 Patent, or the '529 Patent;

e.     A declaration that the '326 Patent, the '639 Patent, and the '529 Patent are invalid

1 | and unenforceable;

2 |      f.      A declaration that MasterObjects' claims are barred by the doctrine of laches,

3 | estoppel and/or waiver;

4 |      g.      A declaration that MasterObjects' claims are barred by the doctrine of unclean

5 | hands;

6 |      h.      A declaration that this case is exceptional and an award to Google of its

7 | reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

8 |      i.      Such other and further relief as this Court may deem just and proper.

9 | **DEMAND FOR JURY TRIAL**

10 |      In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so

11 | triable.

Dated:  April 13, 2012

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By:  /s/ Douglas E. Lumish
    Douglas E. Lumish
    Jeffrey G. Homrig
    Jonathan K. Waldrop (*pro hac vice*)
    Joseph H. Lee
    Joseph B. Shear
    Linfong Tzeng

    Attorneys for Defendant and
    Counterclaimant GOOGLE INC.