UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MASTEROBJECTS INC,<br><br>                Plaintiff(s),<br>   v.<br>GOOGLE INC,<br><br>                Defendant(s). | No. C 11-01054 LB<br><br>ORDER RE: 6/26/12 JOINT DISCOVERY LETTER<br><br>ECF No. 98 |

## I. INTRODUCTION

Plaintiff MasterObjects, Inc. sues Defendant Google, Inc. for patent infringement. Third Amended Complaint, ECF No. 92 at 2.[1] The district court referred all discovery in this matter to United States Magistrate Judge Laurel Beeler. Order, ECF No. 44 at 1. The parties submitted a discovery letter because Google seeks adjustments to the Court's model protective order to prevent MasterObjects from talking on the telephone about source code with its code consultants when the consultants are in India (although it does not object to the same calls with the same consultants when the consultants are in the United States). Joint Letter, ECF No. 98.[2] Following a hearing on July 19, 2012, the court denies Google's request.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] MasterObjects also asked to reset the infringement contentions due date, *see* Joint Letter, ECF No. 98 at 5, but the parties resolved that issue on their own. Letter, ECF No. 99 at 1.

ORDER (C 11-01054 LB)

## II. BACKGROUND

In July 2010, MasterObjects was issued a patent for a "System and Method for Utilizing Asynchronous Client Server Communications Objects" (U.S. Patent No. 7,752,326 or the "'326 Patent"). Third Amended Complaint, ECF No. 92 at 4, ¶ 10. This patent concerns technology that "instantly" delivers information from a server computer to a computer user as they type, without requiring that user to press the "return" key or make any other overt indication of query submission. *Id.* at 4, ¶ 11. A continuation of the '326 patent, also titled "System and Method for Utilizing Asynchronous Client Server Communications Objects," issued on November 15, 2011 as U.S. Patent No. 8,060,639 (the "'639 Patent"). *Id.* at 4, ¶ 12.

MasterObjects claims that Google has infringed on its patents in its "Google Instant" and "Google Suggest" products, which were launched on September 8, 2010. *Id.* at 4-6, ¶¶ 14-22.

## III. LEGAL STANDARD

Upon a showing of "good cause," a court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "requiring that trade secret or other confidential . . . commercial information not be revealed, or be revealed only in a specified way." Fed. R. Civ. P. 26(c); s*ee In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011). The party seeking a protective order has the burden of showing "good cause" that the protection is warranted. *Id.* Generally, good cause requires the moving party to show that specific prejudice or harm will result if the protective order is not issued. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 826 (9th Cir. 2004).

In patent cases in this district, the model "Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order." Patent L. R. 2-2; Patent L.R. 2-2 Interim Model Protective Order, *available at* http://cand.uscourts.gov/stipprotectorder; *see generally Acer America Corp. v. Technology Properties*, No. C 08-00877 JF (HRL), 2009 WL 1363551, at *1 (N.D. Cal. May 14, 2009). The court therefore treats the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information. *See Kelora Sys., LLC v. Target Corp.*, No C 11-0548 CW (LB), 2011 WL 3895303, at *7 (N.D. Cal. Aug. 29, 2011).

## IV. DISCUSSION

The parties now have a discovery dispute about what the protective order should cover for MasterObjects' review of code with its code consultants, who are located in India. Joint Letter, ECF No. 98. MasterObjects hired code consultants from a firm called iRunway, which is based in India and also has offices in Texas and Silicon Valley. *Id.* at 1, 4. Google has no objection to certain telephone conversations with the foreign code consultants that comply with section 9 of the protective order so long as the telephone conversations take place when the consultants are in the United States. *Id.* at 1. But it objects to the same telephone conversations with the same consultants if the consultants are in India (or otherwise out of the country). *Id.* And it wants to be sure that protected information does not leave the United States. *Id.*

### A. Burden of Establishing "Good Cause"

Preliminarily, Google's proposed revision to the Model Order is more restrictive than the presumptively reasonable restrictions regarding protected material in the district's Model Order. Thus the burden of establishing good cause falls on it. *See See Eon Corp. IP Holdings, LLC v. Landis±Gyr Inc.*, No. 6:11-cv-317, 2012 WL 2132385, at *2 (E.D. Tex. June 12, 2012); *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, No. C 11-0593 PSG, 2012 WL 1232105, at *2 (N.D. Cal. Apr. 12, 2012).

### B. Merits of Dispute

Turning to the merits of the dispute, MasterObjects says that it will comply with the protections in paragraph 9 of the Court's Model Protective Order. Joint Letter, ECF No. 98 at 4. Those protections include review of the source code only in a "secured room" under secure conditions, and the Receiving Party can obtain paper copies of limited portions of source code only as reasonably necessary for certain delineated purposes such as preparing court filings and expert reports or for deposition and trial. *Id.* at 4 (citing Model Order paragraphs 9(c) and (d)). MasterObjects says that all printed copies will be kept in the United States. *Id.* at 3. At the hearing, MasterObjects confirmed that no printed pages will leave the country, and the consultants will not review any information remotely. Also, these consultants are the same consultants who review the code in the secured room. (This makes sense: the code is here, and the process works only if the code

1 consultants can review the code in person.)  But if MasterObjects has questions during its
2 permissible use of the code under paragraph 9, MasterObjects wants to be able to talk by telephone
3 with its code consultants at iRunway in a manner that is fully compliant with paragraph 9 when the
4 consultants are in India.  *Id.*  Google does not oppose the telephone conversations with these foreign
5 consultants so long as the consultants are here in the United States.  *Id.* at 1.   (It confirmed this at
6 the hearing on the record.)  But it opposes telephone calls conducted with the consultants while the
7 consultants are in India (or anywhere outside of the United States) because it is concerned that the
8 consultants will take notes about the code and violate the protective order.  *Id.*  So the dispute boils
9 down to whether MasterObjects can talk by phone with its consultants when they are out of the
10 country or whether its consultants have to be in the United States when MasterObjects speaks with
11 them (conceivably by phone).

12     Given that no printed pages of source code will leave the country and there will be no remote
13 access to it, the court does not see any meaningful difference between a telephone call with a
14 consultant who is in San Francisco and a telephone call with the same consultant in India.  A
15 conversation in the United States carries the same risks and affords no extra protections.  Google
16 noted that the consultants live in India and are beyond the scope of the court's contempt power.  But
17 these same consultants work here too, have conversations here with MasterObjects, and may have
18 phone calls with MasterObjects when they are in the United States.  Again, the risks exist anyway,
19 even if all conversations take place here.[3]

20     The court denies Google's request.

21 **C. Other Issues**

22     Google also asks for a modification to paragraph 9(f) of the protective order to add a process for
23 addressing Google's relevance objections to MasterObject's requests under paragraph 9 for printed

---

[3] Protective orders can address the contempt issue directly.  For example, protective orders can include acknowledgments by persons receiving information that the person has (1) reviewed the protective order, (2) understands its contents, (3) agrees to abide by it, (4) understands that failure to abide by the order may result in sanctions by the United States District Court for the Northern District of California, and (5) agrees to submit to the jurisdiction of the district court for the punishment of any violations of the Order.

ORDER (C 11-01054 LB)
4

pages of the source code. The court denies that modification. The model protective order already has a mechanism for addressing such challenges.

The parties also disagree about the scope of the prosecution bar. Google wants it to cover "the patents asserted in this case or the Protected Material," and MasterObjects wants it limited to "the patents in this case." Joint Letter, ECF No. 98 at 2 n.3 and 5 n.9. At the hearing, MasterObjects pointed out that the problem with Google's proposal is that it is too broad, particularly in the context of productions that may be over-designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "HIGHLY CONFIDENTIAL – SOURCE CODE." And the litigation itself does not provide good incentives to scrutinize the designations real-time: sometimes the designations are not worth challenging because they do not impede the litigation. Google responded that MasterObjects' designation is too narrow because technical information about the source code also is an issue. Google proposed, and MasterObjects agreed, that the parties meet and confer to devise a solution to address MasterObjects' concerns. That makes sense, and the court orders it.

This disposes of ECF No. 98.

**IT IS SO ORDERED.**

Dated: July 19, 2012

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (C 11-01054 LB)

5

Case4:11-cv-01054-PJH Document101 Filed07/19/12 Page6 of 6