UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MASTEROBJECTS, INC., | No. C 11-01054 PJH (LB) |
| Plaintiff, | **ORDER RE: 11/02/2012 JOINT DISCOVERY LETTER BRIEF** |
| v. | |
| GOOGLE INC., | [ECF Nos. 106, 113, & 115] |
| Defendant. | |

The MasterObjects patents at issue in this litigation are about a "System and Method for Utilizing Asynchronous Client Server Communications Objects" (U.S. Patent No. 7,752,326 or the "'326 Patent"). Third Amended Complaint, ECF No. 92 at 4, ¶ 10. Asynchronous means that the search engine returns suggested queries and content mid-search as the user is typing. MasterObjects claims that Google has infringed on its patents in its "Google Instant" and "Google Suggest" products, which were launched on September 8, 2010. *Id.* at 4-6, ¶¶ 14-22.

The current discovery dispute is about whether MasterObjects may depose Google's patent prosecution counsel for three patents that collectively are called the Kamvar patents. There also is a prior Yahoo! patent called the Kravets patent that Google asserts invalidates the MasterObjects patents. MasterObjects argues that if – as Google says – the Kravets patent renders the MasterObjects patents obvious, then the Kravets patent should have rendered the Google patents – allegedly identical to the MasterObjects patents – obvious, too. But MasterObjects says that Google told the patent examiner that its claims were novel, nonobvious, and patentable (and that the Kravets

1 patents did not change that outcome). Joint Letter, ECF No. 106 at 4-5. Google also did not
2 disclose the MasterObjects patents as prior art in the prosecution of the Kamvar '109 prosecution.[1]
3 *Id.* at 4 n.4. Now MasterObjects wants to talk with the patent counsel, not about privileged
4 information but instead to elicit fact testimony about what Google said to the PTO and about what
5 Google did in prosecuting its own patents. *Id.* at 5.[2]

6     Normally, information like this is relevant to an inequitable conduct defense, and courts allow
7 fact witness depositions of patent counsel on this basis. *See LG Philips LCD Co., Ltd. v. Tatung*
8 *Co.*, No. C 04 343 JJF, 2007 WL 2908183 (D. Del. Oct. 1, 2007). Google points out that while it
9 reserves its right to assert the Kamvar patents against MasterObjects, until it does, there is no basis
10 for a claim of inequitable conduct against it. *Id.* at 3.

11     The inquiry here is complicated by a few more issues.

12     First, developing evidence about what Google did in the prosecution of its patents ordinarily
13 could be obtained from the documents in the PTO record, and cases point out that contextual fact
14 information can be provided by the inventor. *See, e.g., Ed Tobergte Assocs. Co. v. Russell Brands,*
15 *LLC*, No. C 08-2290-JWL-GLR, 2009 WL 2406257, *4-*7 (D. Kan. 2009) (claim of inequitable
16 conduct). Along these lines, Google said that the inventor (Kamvar) could have been examined on
17 Kravets. MasterObjects responds that it would have if it had known that Google told the PTO that
18 its patents were novel and patentable over Kravets. ECF No. 106 at 5 n.5. And when it served a
19 second notice for Kamvar's deposition, Google refused to produce the witness. *Id.* at 5.
20 MasterObjects says that Google's prior counsel also instructed the witness not to answer basic
21 questions about whether the witness knew of anticipating technology (meaning, the MasterObjects

---

[1] MasterObjects also said that Google did not submit the MasterObjects patents in the Kamvar '471 prosecution (submitted in September 2010 and issued a few weeks ago by the PTO, which is how MasterObjects found out about it). *See* ECF No. 106 at 4 n.6 (Google did not disclose it). Google said that it did submit the MasterObjects patents in the '471 prosecution. *See* Supplemental Response to Request for Admission 6, ECF No. 113-1 at 4. Google also said that it would produce the files for all Kamvar patent file histories, to the extent that it has not already. *See* ECF No. 106 at 2.

[2] Google also said that the deposition would call for attorney-client privileged information and work product, but MasterObject asks only for fact discovery from a percipient witness.

C 11-01054 PJH (LB) (ORDER)  
2

patents). What that means here is that the inventor has not been a source of information.[3]

Second, Google's main point is that "it has not relied, and does not intend to rely, upon Mr. Williams's [patent counsel's] statements in the file history of Google's Kamvar patents regarding the prior art Kravets patent for anything, let alone to establish that the Kravets patent anticipates and renders obvious the asserted claims of the MasterObjects patents-in-suit. . . . [N]or does Google intend to call Mr. Williams to testify at trial." Letter, ECF No. 115 at 1. But the Kravets patent is prior art for the Kamvar and MasterObjects patents that allegedly cover the same technology. The allegations are that starting in 2001, MasterObjects filed patents covering the same instant search technology covered in three patent applications filed by Google starting in 2004 through 2011 (with the last patent issued a few weeks ago). The factual context about what Google says about the Kravets patent – it renders the MasterObjects patents invalid while the Kamvar patents are not anticipated or rendered obvious by the Kravets patent – seems relevant on this record. The prosecuting patent attorney has developed an understanding of the prior art considered during the Kamvar patents, and so long as that understanding was not derived from privileged communications, his deposition may be taken. *See Tenneco Pkg. Spec. & Cons. Prods., Inc. v. S.C. Johnson & Sons, Inc.,* No. C 98 2679, 1999 WL 754748, at *2 (N.D. Ill. Sept. 14,1999).

The court held a hearing on December 20, 2012, and Google did not explain how – other than the fact that it is not calling Mr. Williams as a witness – the illumination that a fact witness provides about the prosecution history before the PTO in circumstances like these is not relevant.

The court denies the motion to quash. Even though MasterObjects says that it seeks only fact information, the court notes that Google (of course) may claim privilege if necessary.

This disposes of ECF Nos. 106, 113, and 115.

**IT IS SO ORDERED.**

Dated: December 21, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] As the *Ed Tobergte* decision holds, even an alternate source in the form of an inventor is not necessarily the best source, and the availability of the inventor does not necessarily preclude a deposition of the patent counsel.