UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASTEROBJECTS, INC.,

    Plaintiff,

    v.

GOOGLE, INC.,

    Defendant.

_____/

No. C 11-1054 PJH

**ORDER DENYING LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Plaintiff's motion for leave to file a fourth amended complaint came on for hearing before this court on May 1, 2013. Plaintiff MasterObjects, Inc. ("plaintiff") appeared through its counsel, Diane Rice. Defendant Google Inc. ("defendant") appeared through its counsel, Joseph Lee. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion as follows.

Plaintiff seeks to add allegations of willful infringement against defendant. In support of these allegations, plaintiff points to a notice letter sent from its patent counsel to defendant, on June 27 2008, providing notice of "the MasterObjects patent applications, technology, products, and invention." However, as defendant points out, at the time that this letter was sent, none of the patents-in-suit had yet issued. Even though plaintiff argues that it was actively prosecuting its patent applications at the time, the Federal Circuit has made clear that "[t]o willfully infringe a <u>patent</u>, the patent must exist and one must have knowledge of it." <u>State Industries, Inc. v. A.O. Smith Corp.</u>, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis in original). "Filing an application is no guarantee that any patent will issue and a very substantial percentage of applications never result in patents. What the

scope of claims in patents that do issue will be is something totally unforeseeable." Id. Plaintiff further argues that defendant "willfully turned a blind eye" to whether its product infringed the patents-in-suit. To show willful blindness, plaintiff must show that defendant: (1) subjectively believed there was a high probability a particular fact existed or was true; and (2) took deliberate actions to avoid learning of that fact. Global-Tech Appliance, Inc. v. SEB S.A., __ U.S. __, 131 S.Ct. 2060, 2070 (2011). However, plaintiff's allegations still depend on the existence of a valid patent, because if there was no valid patent, there can be no willful infringement. In other words, if there was no valid patent to infringe, there is no way that Google could have willfully blinded itself to the "particular fact" of its infringement. Thus, any allegations regarding Google's pre-issuance conduct are irrelevant to the issue of willful infringement.

It was only after this lawsuit was filed (on March 7, 2011) that the patents-in-suit issued. Specifically, U.S. Patent No. 8,060,639 issued on November 15, 2011, and U.S. Patent No. 8,112,529 issued on February 7, 2012. Thus, any allegation of willful infringement would need to be based on post-filing conduct. The Federal Circuit has held that, when a patentee does not move for a preliminary injunction to stop the allegedly infringing activity, it "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." In re Seagate, 497 F.3d 1360, 1374 (Fed. Cir. 2007). In this case, plaintiff did not seek a preliminary injunction, and thus cannot establish a claim for willful infringement based on only post-filing conduct.

The court further notes that the lion's share of plaintiff's willfulness-related allegations relate to defendant's prosecution of its own patents, which are not at issue in this case. Thus, even if all of plaintiff's proposed new allegations are taken as true, they would not support a finding of willfulness. Accordingly, the court finds that, regardless of any delay in seeking amendment or prejudice that would result, plaintiff's proposed amendment would be futile, and the court DENIES plaintiff's motion for leave to file a fourth amended complaint.

**IT IS SO ORDERED**.

Dated: May 2, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge