UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASTEROBJECTS, INC.,

    Plaintiff,

    v.

GOOGLE, INC.,

    Defendant.

_____/

No. C 11-1054 PJH

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Before the court is plaintiff's motion for leave to file a motion for reconsideration of the court's claim construction order. Because plaintiff MasterObjects, Inc. ("plaintiff") has not, under Local Rule 7-9(b)(3), shown a "manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court," the court hereby DENIES plaintiff's motion for leave. However, because the court did request a response from defendant Google Inc. ("defendant"), the court has reviewed plaintiff's proposed motion for reconsideration and defendant's response, and DENIES plaintiff's motion on the merits as follows.

Plaintiff argues that the court erred in its constructions of two disputed terms: (1) "session," and (2) the "additional characters" terms. The court construed "session" as "a related set of communications between a client and a single server in which the server recognizes when consecutive requests originate from the same client." Plaintiff's argument is that the claims describe a "server system," which implies more than one server. Plaintiff first argues that defendant "heavily redacted" a portion of the prosecution history, changing its meaning, and that the court cited the same redacted version of the statement in its order. Here is the redacted version:

> [I]n Purcell, the primary goal is to allow a single query from a client to be simultaneously applied against multiple databases in a network. The system disclosed therein provides that any of the multiple databases that cannot service the specific client query return an empty result (indicating for example "sorry, I can't fulfill that request"). Indeed, it appears more advantageous to have a network-wide dispersal of the queries, so as to maximize the chances that at least one of the servers can provide the desired data, rather than to have those queries contained within a single session between a single client and a single server. The system then allows another database in the network that can fulfill the request to return the requested data. As such, Applicant respectfully submits that Purcell does not disclose a session-based environment, wherein a communication protocol provides an asynchronous session-based connection . . . Instead, Purcell appears to disclose a traditional synchronous means of requesting information, and not one that uses a session, as presently defined.

And the full version (with changes underlined):

> [I]n Purcell, the primary goal is to allow a single query from a client to be simultaneously applied against multiple databases in a network. The system disclosed therein provides that any of the multiple databases that cannot service the specific client query return an empty result (indicating for example "sorry, I can't fulfill that request"). Indeed, it appears more advantageous to have a network-wide dispersal of the queries, so as to maximize the chances that at least one of the servers can provide the desired data, rather than to have those queries contained within a single session between a single client and a single server. The system then allows another database in the network that can fulfill the request to return the requested data. As such, Applicant respectfully submits that Purcell does not disclose a session-based environment, wherein a communication protocol provides an asynchronous session-based connection <u>between the client system and the server system, and allows the client system to send, as part of a session between that client system and that server system, a plurality of consecutively input strings to query the server system for content</u>. Instead, Purcell appears to disclose a traditional synchronous means of requesting information, and not one that uses a session, as presently defined.

'529 file history, 12/21/05 Applicant Remarks (Dkt. 117, Ex. E) at 13.

Plaintiff argues that the "server system" language shows that the invention is not limited to a single server, and that the patentee was not distinguishing Purcell based on the presence of a single server, but on the presence of an asynchronous connection.

Plaintiff then points to the language of claim 1 of the '529 patent, which also uses the "server system" language. Plaintiff then argues that claim 2 of the '529 patent specifically refers to a single server, and that claim 4 specifically refers to multiple servers. Plaintiff thus argues that the principle of claim differentiation requires finding that claim 1 must

include both single server and multiple server cases. Plaintiff then, very briefly, argues that the "single server" limitation effectively imports a "sticky state" server requirement into the construction.

There is some merit to the argument that the invention as a whole allows for the possibility of multiple servers. The cited section of the file history confirms this, as it states that "it appears more advantageous to have a network-wide dispersal of the queries, so as to maximize the chances that <u>at least one of the servers can provide the desired data</u>." However, the key issue is that, to the extent that the invention involves a <u>session</u>, that <u>session</u> must be limited to a single client and a single server. The full version of the above-quoted sentence states that "it appears more advantageous to have a network-wide dispersal of the queries, so as to maximize the chances that at least one of the servers can provide the desired data, <u>rather than to have those queries contained within a single session between a single client and a single server</u>." Thus, as defined by the patentee himself, a "session" does refer to the set of communications between one client and one server. That client may well communicate with other servers, but it would do so outside the bounds of the original "session." The court's claim construction order says as much, stating that "[t]here may well be other, non-'session-based' embodiments that are also claimed by the patents-in-suit, but the limitations cited by defendant would apply to any claim that uses the word 'session.'" Dkt. 153 at 11. The court also notes that its order specifically addressed the "sticky state" argument, and explained how it differed from a "single server" requirement. <u>Id.</u> at 12. For these reasons, the court DENIES plaintiff's motion for reconsideration of the construction of "session."

The court construed the "additional characters" terms as "only the changes to the input string that were not sent in any previous consecutive query." Plaintiff's main argument here is that, as the user types in a search query, the client computer re-sends the entire character string (i.e., not "only the changes") as he/she types. For instance, if the user were searching for "amazon," the computer would send "a," then "a-m," then "a-m-a," and so on. Plaintiff concedes that the claims state that "consecutive additional characters"

3

are "receive[d] as input," but argues that description applies only to the client computer (and reflects the user's typing actions), but does not describe what the server receives. Plaintiff then argues that, even where the specification is referring to "the invention," it is actually "very plain that the language" is directed at a specific embodiment. Finally, plaintiff makes the same "sticky state" argument as in the "session" section, arguing that the court's construction imports such a requirement into these terms.

Plaintiff's first two arguments were already addressed in the court's order. Claim 1 of the '529 patent describes a process by which "consecutive additional characters" are input at the client computer, and "<u>corresponding</u> consecutive queries" are sent to the server. The natural reading of the claim is that the word "corresponding" means that the "consecutive queries" sent to the server correspond to the "consecutive additional characters" entered by the user. The claim goes on to state that "each of the corresponding consecutive queries <u>lengthens</u> the string," and that the lengthening string is "modified" at the server. If plaintiff were correct, and a new full string was re-sent every time, the string would not be "lengthened" or "modified," it would be <u>replaced</u>. Next, plaintiff argues that the words "the invention" refer only to one specific embodiment. But, as noted in the claim construction order, this argument has been expressly rejected by the Federal Circuit. <u>See</u> <u>Trading Techs. Int'l, Inc. v. eSpeed, Inc.</u>, 595 F.3d 1340, 1353 (Fed. Cir. 2010); <u>Honeywell Int'l, Inc. v. ITT Indus., Inc.</u>, 452 F.3d 1312, 1318 (Fed. Cir. 2006). Finally, as mentioned above, plaintiff's "sticky state" argument was addressed in the context of "session," and does not appear to be applicable to this set of terms. Thus, the court DENIES plaintiff's motion for reconsideration of the construction of the "additional characters" terms.

**IT IS SO ORDERED**.

Dated: August 26, 2013

PHYLLIS J. HAMILTON
United States District Judge

4